## STANDARD FIRE INS. CO. v. FULLER et al.

### No. 11112.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 13, 1952.

Decided March 20, 1952.

Albert F. Beasley, Washington, D. C., for appellant.

Frederick Stohlman, Washington, D. C., with whom Clarence G. Pechacek, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, PROCTOR, and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

On August 31, 1945 the Washington Housing Corporation executed a so-called promissory note, hereafter called the note, naming one Bailey as payee. But above the Corporation's signature were the words "without recourse to maker." Since these words contradicted and canceled what would otherwise have been "an unconditional promise or order to pay a certain sum in money" the note did not comply with the requirement of D.C.Code (1940) § 28–102 that an instrument, in order to be negotiable, must contain such a promise. The note created no obligation, negotiable or non-negotiable.

The nominal payee immediately endorsed the note "without recourse" and left it in the possession of the nominal maker.

"To secure" this note that obligated no one, the nominal maker, the Housing Corporation, immediately executed a deed of trust on certain real estate, hereafter called the property, to appellees Fuller and Solem as trustees. On the same day the Housing Corporation conveyed the property to one Wolfe "subject to" the deed of trust. Wolfe did not assume payment of the note.

On the same day, August 31, 1945, appellant Insurance Company issued to Wolfe a 3-year standard fire insurance policy that contains the words: "Loss, if any, on buildings, payable to Ben L. Fuller and Jos. A. Solem as mortgagee, subject to conditions of Standard Mortgagee Clause hereon. * * * If this Company shall claim that no liability existed as to the mortgagor or owner, it shall, to the extent of payment of loss to the mortgagee, be subrogated to all the mortgagee's rights of recovery, but without impairing mortgagee's right to sue; or it may pay off the mortgage debt and require an assignment thereof and of the mortgage. * * *" The attached Mortgagee Clause expresses the same option in other terms. It also provides that any loss under the policy "shall be payable to the aforesaid as mortgagee (or trustee) as interest may appear * * *."

On January 9, 1946 Wolfe sold and conveyed the property "subject to" the deed of trust. She retained no interest in it. Appellant was not notified of the conveyance. On February 29, 1948 fire damaged the property beyond the $8,000 limit of the policy. It is undisputed that after Wolfe's conveyance "no liability existed as to the mortgagor or owner." Neither Wolfe nor

her grantee made proof of loss or asserted any claim against appellant.

Appellees made proof of loss and called upon appellant to pay them the amount of the policy. Appellant thereupon offered to pay them "the entire principal due on the mortgage with interest" if they would "arrange with the party or parties secured to make the necessary assignment of the notes secured by the deed of trust and of all securities for payment of the same * *." Appellees did not accept this offer. After further correspondence, they sold the property at auction and sued appellant on the policy. They recovered judgment for $6,084.90, with interest, as the "balance due" on the note after crediting the proceeds of the auction sale of the property. This appeal is from that judgment.

If, as we have said, the note created no obligation, it follows that there was no balance due upon the note. It follows also, in our opinion, that appellees did not have a mortgagee's or trustee's "interest" in the property within the meaning of the insurance policy. However that may be, appellees cannot deliver to appellant what the policy requires a mortgagee to deliver in return for a payment by appellant, and this relieves appellant of any obligation to pay appellees. Not only common usage but the policy itself contemplates that if there is a mortgage there is a "mortgage debt" so that appellant, by paying off the debt, can "require an assignment thereof and of the mortgage." The policy contemplates that the mortgagee has "rights of recovery" against the mortgagor to which the appel-

lant, not being liable to the mortgagor, will "to the extent of payment of loss to the mortgagee, be subrogated." The policy refers in absolute terms to "the mortgage debt" and to "the mortgagee's rights of recovery"; it does not refer to "the mortgage debt *if any*" or "the mortgagee's rights of recovery *if any*." In the present case there is no mortgage debt, no mortgagee's right of recovery against the mortgagor, and nothing to which appellant can be subrogated. Appellees themselves say in their brief: "no right to subrogation exists in the promissory note involved here, because the makers and the owners of the note are the same."

It has been suggested that since appellant received a fire insurance premium it should bear a loss caused by fire. This amounts to saying that one who has been paid to do a thing in some circumstances should do it in other circumstances. Appellant did not undertake to pay all fire losses however and to whomever caused. The difference between what appellant promised and what appellees demand is substantial. As we read the policy appellant promised that, if not liable to the mortgagor, it would nevertheless pay a loss to the mortgagee provided the mortgagee had a claim against the mortgagor to which appellant would be subrogated. In such a case the ultimate loss would not fall on appellant but on the mortgagor. It should fall on him because, by hypothesis, he would not be entitled to the benefit of the insurance.[1]

Reversed.

---

1. For myself only and not for the court, I add that requiring appellant to pay a loss to a mortgagee who has no claim against the mortgagor would not only be unfair to appellant but might lead to even more unfair results in other cases. The policy seems to make no pertinent distinction between cases in which the insurer's nonliability to the mortgagor is caused, as here, by his having sold the property, and cases in which it is caused by his having increased the risk. If a court disregarded the requirement that there be a mortgage debt to which the insurer will be subrogated it would seem to follow that the mortgagor could, at the insurer's risk, turn the house into an explosives factory, despite the condition in the policy against increasing "the hazard". Though the insurer could not be required to pay a loss to the mortgagor in such a case it apparently could, if appellees' contention were sustained, be required to pay a loss to the mortgagee without possibility of recoupment against the mortgagor. It would be grossly unfair thus to deprive the insurer of protection against increases in the risk.