John B. FOSTER, Appellant,

v.

UNITED STATES AVIATION UNDER-
WRITERS, INCORPORATED, and United
States Fidelity and Guaranty Company,
Appellees.

No. 4291.

District of Columbia Court of Appeals.

Argued Nov. 27, 1967.

Decided May 13, 1968.

Anthony E. Grimaldi, Washington, D. C.,
with whom Charles E. Chisholm, Washing-
ton, D. C., was on the brief, for appellant.

James A. Hourihan, Washington, D. C.,
for appellees.

Before HOOD, Chief Judge, MYERS,
Associate Judge, and QUINN (Associate
Judge, Retired).

HOOD, Chief Judge:

Appellant, a student pilot, bought a
used Cessna airplane and in order to finance
the purchase sought the assistance of one
Hammerly, an aviation insurance broker.
Hammerly arranged for a loan of $6,115.80,
secured by a chattel mortgage on the air-
plane, from Mercantile National Bank at
Dallas. At the same time Hammerly ar-
ranged for a $6,000 all risks—ground and
flight—aircraft hull policy of insurance by
United States Aviation Underwriters, In-
corporated. The policy included a "Breach
of Warranty" clause which, in general, rec-
ognized Mercantile National Bank's lien to
the extent of $5,000 even though by some
act of appellant the insurer would not be
liable to appellant. The policy limited its
coverage to flight by appellant while being
instructed under the direct supervision of a
qualified pilot, or by appellant while holding
a pilot's certificate, or by "pilots holding a
valid and effective Private or Commercial
Pilot Certificate with proper ratings as re-
quired by the Federal Aviation Agency for
the flight involved, each of whom shall
have logged a minimum of 200 hours as
Pilot In Command."

The life of the policy was one year and
within the year the airplane, while piloted
by one McBride, with appellant's permis-
sion, was severely damaged in making a
landing. Appellant made claim under his

insurance policy, the insurer denied liability, and this action was brought.[1]

McBride, at the time of the accident, had less than 60 hours of flight time as pilot in command—far less than the 200 hours specified in the policy—and appellant apparently concedes, as we think he must, that under the terms of the policy the insurer was not liable to pay for the damage. With respect to the insurer's liability to pay the lien holder, it appears that some months after issuance of the policy, the appellant had obtained a loan from a Virginia bank and had paid in full his indebtedness to the Mercantile National Bank at Dallas. Consequently Mercantile had no lien and no claim under the policy. Again, appellant apparently concedes, and again we think he must so concede, that there was no liability on the part of the insurer to pay under the breach of warranty clause because the named lien holder, Mercantile, was no longer a lien holder.

■ Appellant's contention appears to be that Hammerly, as agent of the insurer, made certain misrepresentations in that (1) he did not tell appellant that the policy excluded coverage when the plane was flown by a licensed pilot with less than 200 hours flying time, and (2) that he did not tell appellant that the breach of warranty clause was applicable only to the named lien holder, the Mercantile National Bank. On the issue of misrepresentation the trial court, sitting without a jury, found that appellant had failed to carry his burden of proof. Hammerly testified that he discussed the insurance with appellant and explained the coverages, specifically telling appellant that it was permissible for a "200-hour pilot" to fly the plane. Thus the issue of misrepresentation, or failure to disclose, presented a question of fact for the trial court, and its finding must stand.

Appellant lays some stress on the fact Hammerly admitted he did not tell appellant that "if he changed the lien holder in the policy that the policy would be void." Had Hammerly made such a statement to appellant, it would have been false. A change of lien holder would not void the primary protection afforded appellant under the policy. Appellant lost his protection not because of a change of lien holder but because he permitted the plane to be operated by a pilot with less than 200 hours flying time.

■ In connection with the above it may be noted that the breach of warranty clause was for the protection alone of the lien holder in the event appellant because of his own act lost his protection. Under that clause, had the insurer been required to make any payment to the lien holder, the insurer would have been subrogated to the rights of the lien holder and the ultimate loss would have fallen on appellant.[2]

Another of appellant's claims needs little attention. He says his loan from Mercantile National Bank was usurious. This claim was not advanced at trial, the bank was not a party to this action and the insurer was not a party to the loan.

Affirmed.

1. United States Fidelity and Guaranty Company was named as a defendant below and as an appellee here, but the record fails to show its interest in this litigation.

2. See Standard Fire Ins. Co. v. Fuller, 90 U.S.App.D.C. 300, 195 F.2d 782 (1952).