SWANN, Judge.
The appellant insurance companies appeal from a final judgment for the plaintiff, Jovan Corporation. Jovan Corporation recovered against these underwriters by virtue of its rights under a breach of warranty endorsement attached to an insurance policy they issued on an airplane.
The sole issue on appeal is whether the trial court was correct in ruling that Jovan Corporation had a lien on the aircraft named in the policy.
The breach of warranty endorsement attached to the insurance policy issued by the underwriters stated that this aircraft was “encumbered by a lien * * * held by Jovan Corporation and C.I.T. Corporation as their respective rights and interests may appear,” and they were described in print as “hereinafter called the lienholders.”
The record reveals a copy of a Bill of Sale on this aircraft from Leon H. Patin to Walnico, Inc. which certified that there was a chattel mortgage on the aircraft “in favor of C.I.T. Corp. and Jovan Corporation.” Testimony of Patin was introduced to show that he had executed a Bill of Sale showing Jovan Corporation and C.I.T. as lienholders and forwarded it to the Federal Aviation Authority in Oklahoma City for recording although there was no proof that it had been received or recorded by that agency.
We find that there was sufficient, competent and substantial evidence in the record to uphold the finding of the trial judge that Jovan Corporation had a lien on the aircraft. See § 697.01, Fla.Stat, F.S.A.; Marcus v. Hull, 142 Fla. 306, 195 So. 170 *604 (1940); and Foster v. United States Aviation Underwriters, Inc., D.C.App.1968, 241 A.2d 914.
The final judgment for plaintiff is
Affirmed.